STEVEN ROBERT LEHR, ESQ.
STEVEN ROBERT LEHR, P.C.
33 Clinton Road, Suite 100
West Caldwell, New Jersey 07006
(973) 575-8002
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HANI A. ADAWI, | CIVIL ACTION NO.: _____ |
| Plaintiff, | |
| v. | |
| UNITED STATES OF AMERICA, | COMPLAINT |
| Defendant. | |

Plaintiff, HANI A. ADAWI, by and through his counsel named above, complaining of the above named Defendant, does hereby allege as follows:

## PARTIES

1. Plaintiff, Hani A. Adawi, is an individual whose current address is 38 Haddonfield Drive, Parsippany, New Jersey 07054.

2. Defendant is the United States of America.

## JURISDICTION

3. This is an action for a determination that federal employment tax, penalties and interest were erroneously or illegally assessed by Defendant against Plaintiff. Jurisdiction is conferred upon this Court by virtue of Title 28, 28 U.S.C. § 1346(a)(1) of the United States Code.

4. Venue in this District is proper under 28 U.S.C. § 1391.

## AS AND FOR A FIRST CAUSE OF ACTION

5. The Internal Revenue Service ("IRS") assessed Trust Fund Recovery Penalties ("TFRP") on Plaintiff as an alleged responsible person based on nonpayment of federal employment taxes of the entity known as H & B Cleaning Services, Inc. ("H & B"), for the taxable periods ended 03/31/2014, 06/30/2014, 09/30/2014, 12/31/2014, 03/31/2015, 06/30/2015, 09/30/2015 and 12/31/2015.

6. On or about July 27, 2016, the IRS made an assessment against Plaintiff for TFRP in the Newark, New Jersey IRS office. The TFRP related to employment taxes for H & B during the tax periods mentioned herein above.

7. Plaintiff is the sole owner of H & B.

8. Plaintiff hired Lynn Harris ("Harris"), an independent contractor, as bookkeeper for H & B. At all times relevant, Harris performed office and administrative related services, including but not limited to the following: determining financial policy, directing and authorizing payments to creditors, making federal tax deposit ("FTD") payments, preparing, authorizing and transmitting payroll tax returns and authorizing and preparing payroll on behalf of H & B.

9. At all times relevant, Harris was authorized to sign checks on behalf of H & B and signed all checks using a stamp of Plaintiff's signature.

10. At all times relevant, Plaintiff did not sign any checks individually and did not use the stamp of his signature which was in Harris' sole possession and control.

11. At all times relevant, all checks, tax returns, books and records, bank statements, accounts receivable, accounts payable and all other related financial information of and belonging to H & B, were physically located in an office in Harris's personal residence located in Port St. Lucie, Florida, until April 2016, when she relocated to Clinton, New Jersey.

12. While Harris was located in Port St. Lucie, Florida, Plaintiff did not have direct access to H & B's financial information. Harris had sole custody of same and Plaintiff relied entirely upon Harris to keep him informed on all financial matters concerning H & B.

13. At all times relevant, Plaintiff did not exercise or engage in any of the day-to-day administrative and bookkeeping responsibilities of H & B.

14. At all times relevant, Plaintiff exercised continuous oversight to assure that monies would be available to pay Must Fund Expenses. At the beginning of each calendar quarter, Harris provided Plaintiff a projection of expenses for the upcoming three (3) months. The purpose of these projections was to identify anticipated shortfalls in revenue to pay Must Fund Expenses. "Must Fund Expenses" included payroll taxes of H & B. Plaintiff directed Harris to pay Must Fund Expenses in full before paying any other trade or business expenses.

15. Plaintiff deposited funds to ensure that monies were available to Harris to pay all Must Fund Expenses at the time those expenses were due and owing including payroll taxes in 2014, 2015 and the first two calendar quarters of 2016.

16. Plaintiff instructed Harris to utilize the deposited funds to pay all Must Fund Expenses in 2014, 2015 and for the first two calendar quarters of 2016.

17. On or about January 27, 2016, Harris retained the services of Stop IRS Debt, a tax controversy resolution firm, to address what she knew were outstanding tax liabilities of H & B. At the time, Plaintiff was unaware that these liabilities existed.

18. Harris utilized Plaintiff's rubber stamp signature to execute the retainer agreement with Stop IRS Debt, paid the retainer fee with an American Express card, and executed an IRS Form 2848, <u>Declaration of Representative/Power of Attorney</u>, on behalf of H & B. Harris did not inform Plaintiff of these actions.

19. On or about May 9, 2016, Harris informed Plaintiff, for the first time, that they both had received notices for personal appearances requested by the IRS, scheduled for May 10, 2016. Plaintiff was made aware of the IRS involvement in this matter with only one (1) day advance notice.

20. On or about May 9, 2016, Harris informed Plaintiff that taxes for 2014, 2015 and the first two calendar quarters of 2016 had not been paid as directed by Plaintiff, and that the monies provided by Plaintiff and set aside to pay those taxes were used by Harris to pay other expenses. Prior to May 9, 2016, Harris had not informed Plaintiff and Plaintiff had not been aware that such taxes had not been paid by Harris.

21. Upon being informed that the taxes had not been paid on behalf of H & B, Plaintiff immediately made certain that the first two quarters of 2016 were paid in full. Plaintiff further brought H & B in full compliance by making timely Federal Tax Deposits from that point forward to the present time.

22. Upon being informed that the taxes had not been paid on behalf of H & B, Plaintiff took actions to obtain assistance through counsel to address the outstanding tax liabilities for 2014 and 2015.

23. Plaintiff reached a resolution with the IRS on the unpaid 2014 and 2015 taxes within a ninety (90) day period from the time Plaintiff became aware that any taxes of H & B were not paid.

24. H & B is presently current in making timely FTD payments.

25. The IRS assessment against Plaintiff for TFRP was based, in large part, upon the IRS's determination that Plaintiff is a "responsible person" of H & B.

26. The IRS assessment against Plaintiff for TFRP is incorrect and Plaintiff is entitled to a determination that federal employment taxes for the above referenced tax periods (all four (4) calendar quarters of 2014 and all four (4) calendar quarters of 2015) were erroneously or illegally assessed by Defendant against Plaintiff.

27. A person must be both "responsible" and "willful" to be liable for an employer's failure to collect and pay trust fund taxes to the United States under Internal Revenue Code ("I.R.C.") § 6672.

28. Plaintiff is not a responsible person under I.R.C. § 6672. Plaintiff did not breach any of the requirements imposed by that statute, did not act willfully, and took reasonable steps to protect the trust funds.

29. Plaintiff's actions further do not demonstrate the willfulness required under I.R.C. § 6672.

**WHEREFORE**, Plaintiff prays that:

30. Process in due form of law according to the practice of this Court may issue against Defendant, the United States of America.

31. Judgment may be entered against the United States of America declaring that the aforesaid TFRP assessments by the IRS against Plaintiff for all tax period in issue be rescinded, along with all penalties and interest, or in the alternative, that a redetermination of the Plaintiff's purported liability be ordered, and such other relief as the Court may deem just, including the award of attorney's fees, litigation costs and administrative costs under 26 U.S.C. § 7430.

32. Defendant, the United States of America, may be enjoined from collection of the amounts in dispute hereunder during the pendency of this matter before this Court.

33. Judgment to Plaintiff for compensatory damages may be entered against the United States of America under 26 U.S.C. §7433.

34. That this Court grant such other, further or different relief to Plaintiff as this Court may deem just and proper in the premises.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (a) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (b) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (c) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (d) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure, Rule 11.

Dated: September 21, 2018

**STEVEN ROBERT LEHR, ESQ.**
STEVEN ROBERT LEHR, P.C.
33 Clinton Road, Suite 100
West Caldwell, New Jersey 07006
973.575.8002
slehr@lehrlaw.com
Attorneys for Plaintiff